# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**EARL HODGE,**

    **Petitioner,**

**vs.**                                     **Cause No. 4:05cv167-MMP/AK**

**JAMES V. CROSBY,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Presently before the Court is Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. By separate order, Petitioner has been granted IFP status. Having carefully considered the matter, the Court recommends that the petition be denied as untimely filed.

## BACKGROUND

According to the petition, Petitioner was sentenced on September 19, 1996, to two life sentences for sexual battery on a child under the age of twelve. Doc. 1 at 1. Petitioner appealed his conviction and sentence, which were affirmed on October 24, 1997. *Id.* at 2. On October 22, 1999, Petitioner filed a Rule 3.850 motion for post-conviction relief. *Id.* The court denied the motion on April 4, 2002. *Id.* at 3. On appeal,

the lower court's ruling was affirmed, with the mandate issuing on April 28, 2005.  *Id.*

**DISCUSSION**

Petitioner's conviction became final on or about January 23, 1998, ninety days after his conviction and sentence were affirmed.  Petitioner therefore had one year from January 23, 1998, to seek federal habeas corpus relief.  *See* 28 U.S.C. §2244(d)(1)(A).  Although a properly filed motion for post-conviction relief in state court will toll the time for filing a § 2254 petition, 28 U.S.C. §2244(d)(2), Petitioner did not seek state post-conviction relief until October 22, 1999.  By that date, the statute of limitations for seeking relief in this Court had expired by over one and one-half years, and nothing Petitioner did in state court after the expiration of the statute of limitations serves to revive the time for filing here.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** and this cause be **DISMISSED WITH PREJUDICE**.

*Case No: 4:05CV167-MMP/AK*

**IN CHAMBERS** at Gainesville, Florida, this __18th__ day of May, 2005.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.