**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EARL HODGE,**

    **Petitioner,**

vs.                                        Cause No. 4:05cv167-MMP/AK

**JAMES MCDONOUGH,**[1]

    **Respondent.**
_____/

**SECOND REPORT AND RECOMMENDATION**

In a prior Report and Recommendation, the undersigned recommended that the petition for writ of habeas corpus be denied as untimely filed. Doc. 7. Petitioner filed objections to the R&R, and the Court, while affirming that the petition "is untimely and does not qualify for equitable tolling," remanded "the issue of whether Petitioner qualifies for a waiver of his procedural default due to the 'actual innocence' doctrine." Doc. 9. The undersigned therefore directed Respondent to file a response, which he has done, Doc. 15, and Petitioner has filed a reply. Doc. 18. By separate order, Petitioner has been granted IFP status. Having carefully considered the matter, the Court recommends that the petition be denied as untimely filed.

According to the petition, Petitioner was sentenced on September 19, 1996, to two life sentences for sexual battery on a child under the age of twelve. Doc. 1 at 1. Petitioner appealed

---

[1] James McDonough is now the Secretary of the Florida Department of Corrections and is hereby substituted in the stead of James Crosby.

his conviction and sentence, which were affirmed on October 24, 1997. *Id*. at 2. On October 22, 1999, Petitioner filed a Rule 3.850 motion for post-conviction relief. *Id*. The court denied the motion on April 4, 2002. *Id*. at 3. On appeal, the lower court's ruling was affirmed, with the mandate issuing on April 28, 2005. *Id*.

As noted, the first–and possibly only–issue before the Court is whether Petitioner's assertion of actual innocence lifts "the procedural bar caused by [his] failure timely to file his [§ 2254 petition]." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005). When a habeas petitioner asserts actual innocence in this situation, he must show that his conviction probably resulted from a constitutional violation. *Arthur v. Allen*, 452 F3d 1234, 1246 (11th Cir. 2006). He "meets the 'probably resulted' standard by demonstrating, **based on the new evidence**, 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup .v. Delo*, 513 U.S. 298 (1995)) (emphasis added). Thus, "[t]o be credible...a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

A claim of actual innocence necessarily requires the presentation of new evidence. Without new evidence, there is no review of the merits of the constitutional claim. *Arthur*, 452 F.3d at 1245. Here, Petitioner does not present any new evidence whatsoever. Rather, he argues that the "evidence at trial, relied upon by the state, showed only attempted sexual battery," that the State failed to present evidence of a "'union' between his sexual organ and that of the alleged victims," and that there "was no gratification on Petitioner's part or consummation of his intent."

Doc. 18. This is an issue of evidentiary sufficiency, no of actual innocence, which the Court does not even get to unless Petitioner presents new evidence raising "sufficient doubt about his guilt to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 317; see also *Bousley v. United States*, 523 U.S. 614, 624 (1998) (actual innocence means factual innocence, not "mere legal insufficiency").

Because Petitioner has not presented any new evidence of his "actual innocence," the procedural bar caused by his failure timely to file the instant petition remains in place, and this cause should be dismissed with prejudice.

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 10th day of August, 2007.

    S/A. Kornblum
    **ALLAN KORNBLUM**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**